IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBBIE BROWN <br> 1028 DeKalb Street, Apt. 1B <br> Norristown, PA 19401 <br><br> Plaintiff, <br><br> v. <br><br> TROOPER CHICKEN, LLC d/b/a <br> POPEYES <br> 1260 William Penn Drive <br> Bensalem, PA 19020 <br>    and <br> RAHIMI HOLDINGS, LLC d/b/a <br> POPEYES <br> 1260 William Penn Drive <br> Bensalem, PA 19020 <br><br> Defendants. | CIVIL ACTION <br><br> No.: _____ <br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Debbie Brown (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Trooper Chicken, LLC d/b/a Popeyes and Rahimi Holdings, LLC d/b/a Popeyes (hereinafter collectively "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200(d) *et. seq*), the Fair Labor Standards Act ("FLSA" - 29 **U.S.C.** § 201 *et. seq.*), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment & Collection Law(s) ("WPCL"), and the

Pennsylvania Human Relations Act ("PHRA"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC. Plaintiff has also properly exhausted her administrative proceedings before initiating this action by timely filing a Complaint with the PHRC and by filing the instant lawsuit more than one (1) year after she filed her Charge.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual with an address set forth in the caption.

8. Trooper Chicken, LLC d/b/a Popeyes is a corporation that owns and operates several Popeyes franchises in Pennsylvania, with an address set forth in the above caption.

9. Rahimi Holdings, LLC d/b/a Popeyes is a corporation that owns and operates several Popeyes franchises in Pennsylvania, with an address set forth in the above caption.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is an adult female.

14. Plaintiff was hired in or about May of 2021 as a cashier to work out of Defendants' Popeyes franchise located at 2530 West Main St., Norristown, PA.

15. Plaintiff was primarily supervised by Hidiyati Ali (hereinafter "Ali").

**-QUID PRO QUO SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT-**

16. Almost immediately after Plaintiff began working for Defendants, Ali began to subject Plaintiff to sexually harassing, offensive, and unwelcomed comments/touching. For example, but not intended to be an exhaustive list, Ali:

   a. Regularly rubbed up against Plaintiff's body, pushed into her, and rubbed up and down her arms;

   b. Violated Plaintiff's personal space, touching his lips to her ears whenever he talked to her;

   c. Told Plaintiff to push her hair out of her eyes, so he could "see [her] eyes more," and

   d. Informed Plaintiff that she was required to tuck her shirt in her pants, purportedly as a dress policy (but upon information and belief to allow Ali to view her buttocks more clearly); however, other employees were not admonished for failing to tuck in their shirts or required to do same on a consistent basis.

17. Plaintiff did her best to ignore Ali's advances, clearly showing her discomfort through her body language and complaints, but he continued to sexually harass Plaintiff, such that she was subjected to a hostile work environment.

18. On or about July 7, 2021, after being subjected to unwelcomed sexually harassing comments/touching yet again, Plaintiff vehemently told Ali to leave her alone and to stop harassing her.

19. ***Just twenty minutes*** following Plaintiff's aforesaid complaints of/objections to Ali regarding his sexually harassing conduct, and after Ali had a discussion with another manager in

4

Defendants' back office, Plaintiff was abruptly told to clock out and go home, and that the manager would "call [her] when he needed [her]."

20. After Plaintiff was retaliatorily advised by Defendants' management to leave Defendants' premises following her complaints of/objections to sexual harassment by Ali on July 7, 2021, Plaintiff reached out and tried to contact Defendants multiple times to see when she would be placed back on the schedule, but Defendants' management hostilely reiterated that they would call Plaintiff when they needed her.

21. To date, Plaintiff has not been called to work or placed back on the schedule. As a result, Plaintiff was terminated/constructively terminated on or about July 7, 2021.

22. Plaintiff believes and therefore avers that she was subjected to quid pro quo sexual harassment/hostile work environment by Ali, and ultimately terminated/constructively terminated for rejecting his sexual advances and complaining against same, in violation of Title VII.

### -Wage and/or Overtime Violations-

23. At the time of her hire, Defendants advertised on Indeed for Plaintiff's position, cashier, at an hourly rate of $13.00 to $17.00.

24. Defendants' informed Ms. Brown that she was hired to begin working for Defendants at an hourly rate of $13.00 per hour.

25. Nonetheless, despite being hired at a rate of $13.00 per hour, Ms. Brown was only compensated at a rate of $9.00 per hour (as demonstrated by her paystubs) for the majority of her employment with Defendants.

26. While Defendants' ultimately raised Plaintiff's hourly rate to $10.00, shortly before her termination, but following her repeated complaints of unfair payment practices, they failed to compensate her at the $13.00 per hour pay rate agreed upon at her hire.

27. Additionally, Defendants also failed to compensate Plaintiff at a rate of time and one half for the occasional instances she worked over 40 hours per week, in violation of state and federal overtime laws.

28. At all times relevant herein, Defendants knew that Plaintiff was a non-exempt employee that should have been paid at a rate of time and one half for all hours worked for 40 in one week.

29. In fact, on one occasion when Plaintiff worked close to 50 hours in one week, Ali stated to Plaintiff, "You are the first one here to ever work overtime." Ali informed Plaintiff that she would be compensated at a rate of time and one half for all hours she had worked over 40 that week; however, Defendants failed to pay Plaintiff any overtime wages during her employment with Defendants.

30. In addition to their failure to pay Plaintiff overtime wages for all hours worked over 40 in one week, Defendants also failed to pay Plaintiff ***any wages*** for hours worked over 40 in one week.

31. All of Defendants' actions as aforesaid are without question willful, intentional and in blatant disregard for state and federal laws, as evidenced by:

   a. Defendants failing to pay Plaintiff any wages for some of the hours worked;

   b. Defendants failing to pay Plaintiff overtime compensation for all hours that she worked in excess of 40 hours per week; and

   c. Defendants implementing a system that results in non-payment of overtime compensation to Plaintiff and other similarly situated employees; and

32. Upon information and belief, Defendants have and continue to implement a system that results in non-payment of wages/overtime compensation to Plaintiff and other similarly situated employees.

33. While employed with Defendants, Plaintiff repeatedly complained to Defendants' management about overtime violations and her entitlement to overtime compensation; however, Defendants refused to rectify their illegal pay practices and instead continued to perpetuate their non-payment of state and federally-mandated compensation.

34. Following Plaintiff's most recent complaints of Defendants illegal pay practices, she was abruptly terminated.

35. Defendants' retaliatory termination of Plaintiff constitutes unlawful retaliation under the Fair Labor Standards Act ("FLSA").

## COUNT I
## Violations of Title VII
**([1] Gender Discrimination; [2] Sexual Harassment/Hostile Work Environment; and [3] Retaliation)**
**-Against Both Defendants-**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. During her tenure with Defendants, Plaintiff was subjected to severe and/or pervasive sexual gestures, comments, and touching by her supervisor, Ali, such that she was subjected to a hostile work environment.

38. Ali's harassment of Plaintiff interfered with Plaintiff's work and as a result she was forced to complain of said sexual harassment to Defendants' management, in advance of her termination.

39. On or about July 7, 2021, Plaintiff was abruptly terminated just minutes following her most recent complaints of/objections to sexual harassment by her supervisor, Ali.

40. Plaintiff believes and therefore avers that she was subjected to a hostile work environment and terminated because of her gender and/or in retaliation for her complaints of sexual harassment (as discussed *supra*).

41. These actions as aforesaid constitute unlawful violations under Title VII.

## COUNT II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
([1] Gender Discrimination; [2] Sexual Harassment/Hostile Work Environment; and [3] Retaliation)
-Against Both Defendants-

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff properly exhausted her administrative remedies regarding her PHRA claims because she timely filed a Complaint with the PHRC, and the Complaint has been pending for at least one year.

44. The aforesaid Title VII allegations also constitute violations of the PHRA. Thus, Plaintiff's PHRA claims mirror the claims as set forth in her previous Title VII claims.

## COUNT III
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Minimum & Overtime Wages)
-Against Both Defendants-

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. At all times relevant herein, Defendants, have and continue to be, "employers" within the meaning of the FLSA.

47. The FLSA requires covered employers, such as Defendants, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

48. At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the FLSA.

49. Defendants knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

50. Defendants failed to pay Plaintiff proper overtime compensation for all hours that she worked over 40 hours in one week.

51. Defendants also failed to pay Plaintiff at least the minimum wage rate for any hours she worked over 40 during her employment with Defendants.

52. Plaintiff expressly complained to Defendants' management about non-payment of minimum and overtime compensation (primarily toward the end of her tenure with Defendant).

53. Defendant retaliated against Plaintiff by abruptly terminating her.

54. As a result of Defendants' failure to pay Plaintiff overtime compensation due her, Defendants violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

55. Any retaliation against Plaintiff for exercising his statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 15 (2011) (it is illegal under the FLSA to retaliate against an employee for verbal or written concerns of unpaid overtime compensation).

### COUNT IV
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Minimum Wage Violations & Failure to Pay Overtime Compensation)
### -Against Both Defendants-

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Plaintiff reasserts each and every allegation from Count II as such actions in this case constitute identical violations of the PMWA.

## COUNT V
### Violations of the Pennsylvania Wage Payment & Collection Law(s) ("WPCL")
(Failure to Pay Full Wage(s) Owed)
- Against Both Defendants -

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff had an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for all services she performed during her employment.

60. Defendants failed to compensate Plaintiff for all wages owed during her employment.

61. Plaintiff performed the agreed-upon services for Defendants, and Defendants failed to properly compensate Plaintiff for the services rendered as specified by the Parties' employment agreement (included but not limited to paying Plaintiff for all hours worked).

62. These actions as aforesaid constitute violations of the WPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: August 3, 2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Debbie Brown | : | CIVIL ACTION |
| v. | : | |
| Trooper Chicken, LLC d/b/a Popeyes, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 8/3/2022 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1028 DeKalb Street, Apartment 1B, Norristown, PA 19401__

Address of Defendant: __1260 William Penn Drive, Bensalem, PA 19020__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/3/2022__                         _____         __ARK2484 / 91538__
                                             *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. | *Federal Question Cases:* | B. | *Diversity Jurisdiction Cases:* |
|---|---|---|---|
| [ ] 1. | Indemnity Contract, Marine Contract, and All Other Contracts | [ ] 1. | Insurance Contract and Other Contracts |
| [ ] 2. | FELA | [ ] 2. | Airplane Personal Injury |
| [ ] 3. | Jones Act-Personal Injury | [ ] 3. | Assault, Defamation |
| [ ] 4. | Antitrust | [ ] 4. | Marine Personal Injury |
| [ ] 5. | Patent | [ ] 5. | Motor Vehicle Personal Injury |
| [ ] 6. | Labor-Management Relations | [ ] 6. | Other Personal Injury *(Please specify):* _____ |
| [X] 7. | Civil Rights | [ ] 7. | Products Liability |
| [ ] 8. | Habeas Corpus | [ ] 8. | Products Liability – Asbestos |
| [ ] 9. | Securities Act(s) Cases | [ ] 9. | All other Diversity Cases *(Please specify):* _____ |
| [ ] 10. | Social Security Review Cases | | |
| [ ] 11. | All other Federal Question Cases *(Please specify):* _____ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X]  Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ]  Relief other than monetary damages is sought.

DATE: __8/3/2022__                         _____         __ARK2484 / 91538__
                                             *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BROWN, DEBBIE

**DEFENDANTS**
TROOPER CHICKEN, LLC D/B/A POPEYES, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| 196 Franchise | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); FLSA (29USC201)

Brief description of cause:
Violations of Title VII, FLSA, PMWA, WPCL and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 8/3/2022
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE